Yvette K. Bradley
Nadalynn F. Jenkins
United States Postal Service
Law Department – National OSHA Unit
660 Data Dr. Ste. 100
Plano, Texas 75075
(214) 252-6112
yvette.k.bradley@usps.gov
nadalynn.f.jenkins@usps.gov

**FILED**
August 15, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LORI CHAVEZ-DERMER,<br>　Acting Secretary of Labor.<br>　United States Department of Labor<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | Case No.: 1:25-cv-00502<br><br>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, the United States Postal Service, by and through its undersigned counsel, and answers the Complainant's Complaint-Labor; 29 U.S.C. §660(c) as follows:

**GENERAL DENIAL**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in Plaintiff's Complaint that are not clearly and specifically admitted herein.

## SPECIFIC DENIALS AND RESPONSES

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant further responds to Plaintiff's Complaint as follows by responding to the numbered paragraphs of the Complaint:

1. Paragraph 1 contains a statement of jurisdiction to which no response is required. To the extent one is required, Defendant denies the allegations contained in Paragraph 1.

2. Defendant admits to the extent that the United States Postal Service is an independent establishment of the executive branch of the Government of the United States which operates and provides postal services to the people of the United States pursuant to 39 U.S.C. §201 and that its facility located in Caldwell, Texas, provides postal services.

3. Defendant admits that Monica Smith ("Smith") was employed as a City Carrier Assistant ("CCA") with the Postal Service. Defendant denies the remaining allegations contained in Paragraph 3.

4. Defendant is without sufficient knowledge to form a basis as to exactly when Smith filed a complaint with OSHA and what she alleged in the complaint, and therefore cannot admit or deny the allegations contained in Paragraph 4. Defendant denies it retaliated against Smith in violation of §11(c)(1) of the Act, 29 U.S.C. §660(c)(1). The remainder of Paragraph 4 contains an application of the statement of law to which no response is required. To the extent one is required, Defendant denies the allegations in paragraph 4.

5. Defendant admits that Smith began her employment with the Postal Service as a City Carrier Assistant ("CCA") on November 18, 2023. On February 17, 2024, Smith reported to management she had fallen while delivering mail on a portion of her route. Defendant admits that Smith's duties included daily mail delivery, and her direct supervisor was Ryan Becka and

Becka reported to Postmaster, Sherry Bridges. Smith was issued a letter dated February 22, 2024, terminating her employment. Defendant denies the remaining allegations in this paragraph.

6. Defendant denies the allegations contained in Paragraph 6.

7. Defendant denies the allegations contained in Paragraph 7.

All allegations not specifically responded to above are denied. The paragraph beginning "WHEREFORE…" is Plaintiff's prayer for relief to which no response is required. To the extent an answer is required, Defendant denies Plaintiff is entitled to the relief requested, or any relief whatsoever.

## DEFENSES AND AFFIRMATIVE DEFENSES

By pleading the following affirmative defenses as provided for pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant does not concede that it possesses or assumes the burden to prove each or any of them. Defendant maintains that Plaintiff retains the burden of proof on all matters necessary to state and sustain claims asserted in the Complaint.

ANSWERING FURTHER, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim upon which relief may be granted with respect to the cause of action set forth in the complaint.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over some or all of Plaintiff's claims.

### THIRD AFFIRMATIVE DEFENSE

Some of the alleged wrongful actions do not constitute adverse actions.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims of retaliation should be dismissed because Defendant's actions toward Smith were, at all times, based on legitimate, non-retaliatory reasons.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims of retaliation should be dismissed because Plaintiff cannot establish that Smith alleged reporting of her injury was a reason for Defendant's decision to separate her from her CCA position.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of latches, in that there is no good cause for Plaintiff's delay in filing this action nearly one year after Smith filed her complaint with Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to the doctrine of after-acquired evidence and, as such, any remedy or recovery to which Smith may be entitled must be denied or reduced, accordingly.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Smith failed to mitigate her damages. To the extent that Smith mitigates her damages, Defendant is entitled to a credit or setoff.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Smith failed to mitigate her damages by following the requirements provided by the Office of Workers' Compensation Programs (OWCP) of the U.S. Department of Labor.

### TENTH AFFIRMATIVE DEFENSE

Even if Plaintiff could state a claim for relief in this action, Plaintiff cannot recover any alleged lost wages and benefits, including interest thereon, because Smith could not perform the essential functions of the CCA position with or without a reasonable accommodation.

**ELEVENTH AFFIRMATIVE DEFENSE**

Even if Plaintiff could state a claim for relief in this action, Plaintiff cannot prove compensatory damages, including, but not limited to, damages based on Smith's emotional distress, if any; hence, Plaintiff can only recover nominal damages.

**TWELTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because permitting Plaintiff to recover from Defendant would unjustly enrich Plaintiff at Defendant's expense.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged. Defendant asserts all applicable statutory limitations with respect to Plaintiff's damages claims.

WHEREFORE, Defendant prays for the following relief:

A. The Court dismiss all claims in Plaintiff's complaint, with prejudice.

B. Defendant be granted such further relief as this Court deems just and proper.

Dated this 15th day of August, 2025.

Respectfully Submitted,

UNITED STATES POSTAL SERVICE

_____
Yvette K Bradley

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Nadalynn F. Jenkins  
United States Postal Service  
Law Department – National OSHA Unit  
660 Data Dr. Ste. 100  
Plano, Texas 75075  
(214) 252-6112  
yvette.k.bradley@usps.gov  
nadalynn.f.jenkins@usps.gov  

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

# CERTIFICATE OF SERVICE

      I certify that on this day, August 15, 2025, the foregoing DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES was filed electronically with the Clerk of the Court using the CM/ECF system.  I further certify that on August 15, 2025, the document was served via email upon the following:

    Dolores G. Wolfe
    Joel Clark
    Trial Attorney
    U.S. Department of Labor
    Office of the Solicitor
    525 S. Griffin Suite 501
    Dallas, Texas 75202
    Via Email: wolfe.dolores@dol.gov; clark.joel.p@dol.gov

 

_/s/ Yvette K. Bradley_
Yvette K. Bradley
Nadalynn F. Jenkins
United States Postal Service
Law Department – National OSHA Unit
660 Data Dr. Ste. 100
Plano, Texas 75075
(214) 252-6112
yvette.k.bradley@usps.gov
nadalynn.f.jenkins@usps.gov